IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DESHAOUN LEE GREEN, § | |
| TDCJ #02083848 § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-22-3955 |
| § | |
| BOBBY LUMPKIN, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Deshaoun Lee Green, a Texas state inmate representing himself, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a prison disciplinary conviction. After reviewing the pleadings as required under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court concludes that this action must be dismissed for the reasons explained below.

**I.   Background**

In 1996, Green was sentenced to six years in Texas state prison after being convicted of aggravated robbery in Galveston County. *See Offender Info. Search*, Texas Dep't of Crim. Just., https://inmate.tdcj.texas.gov/InmateSearch/ (last visited Apr. 17, 2023). Green is currently serving a 61-year sentence for manufacture and delivery of a controlled substance in a drug-free zone, penalty group 1, and a 15-year sentence for evading arrest or detention with a previous conviction. *See id.*; (Docket Entry No. 5 at 1–2). Both convictions occurred in Galveston County. *See id.* Green's petition does not challenge his convictions or sentences. Instead, he seeks relief from a disciplinary conviction at the Estelle Unit on March 11, 2022, in Case Number 20220112576. (*See* Docket Entry No. 1 at 1, 5). As a result of the disciplinary conviction, Green lost 364 days of

previously earned good-time credit. (Docket Entry No. 5 at 2). Green states that he is not eligible for release on mandatory supervision and that he appealed the conviction through TDCJ's two-step administrative grievance procedure. (Docket Entry No. 1 at 2–3, 6; Docket Entry No. 5 at 2).

**II.     Discussion**

This court may hear Green's petition because he is incarcerated in Walker County, which is within the boundaries of the Houston Division of the Southern District of Texas. *See* 28 U.S.C. § 2241(d); 28 U.S.C. § 124(b)(2); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Alexander v. Tex. Dep't of Crim. Justice*, 951 F.3d 236, 240 (5th Cir. 2020).

A Texas prisoner cannot demonstrate a due process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957–58 (5th Cir. 2000); *Teague v. Quarterman*, 482 F.3d 769, 776–77 (5th Cir. 2007).

Green cannot demonstrate a due process violation in this case because, as he acknowledges, he is ineligible for release to mandatory supervision. Even though he is not presently incarcerated on this conviction, Green was previously convicted of one count of aggravated robbery under Texas Penal Code § 29.03. Under Texas law, this conviction makes him ineligible for release to mandatory supervision. *See* Tex. Gov't Code § 508.149(a)(12) (explaining that "[a]n inmate may

not be released to mandatory supervision if the inmate is serving a sentence for *or has been previously convicted of . . .* a first degree felony under [Texas Penal Code §] 29.03") (emphasis supplied). Only those Texas inmates who are eligible for mandatory supervision have a constitutional claim under a protected liberty interest in their previously earned good-time credit. *See Malchi*, 211 F.3d at 957–58. Because Green cannot present a claim for a constitutional violation, his federal habeas corpus petition must be dismissed for failure to state a claim on which relief may be granted.

**III.     Certificate of Appealability**

Habeas corpus actions under 28 U.S.C. § 2254 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right,"

but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Green has not made the necessary showing. A certificate of appealability is denied.

## IV.      Conclusion

The petition for a writ of habeas corpus under 28 U.S.C. § 2254, (Docket Entry No. 1), is denied, and this habeas proceeding is dismissed for failure to state a claim upon which federal habeas relief may be granted. A certificate of appealability is denied.

SIGNED on May 22, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge